vember 1, 1915.) Action by Charles A. J. Queck-Berner against the Ward Baking Company.

PER CURIAM. Judgment unanimously affirmed, with costs. Assuming what is not the fact, that the proof established the carelessness of the defendant, it would be an undue expansion of the doctrine of liability announced in Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455, and cognate cases, to include this case within the application of that doctrine.

RAMSAY v. FAIRBANKS, MORSE & CO. et al. (Supreme Court, Appellate Division, Third Department. November 10, 1915.) In the matter of the claim of Jessie Ramsay for compensation under the Workmen's Compensation Law (Consol. Laws, c. 67) for the death of Leslie R. Chase against Fairbanks, Morse & Co., employer, and the Ocean Accident & Guarantee Corporation, Limited, insurer.

PER CURIAM. Award reversed, and matter remanded to Commission, that the appellants may be allowed to cross-examine those claiming to be beneficiaries under the act; the court holding that the grandparent, if dependent, is entitled to compensation.

HOWARD, J., votes for affirmance.

In re RANSCHT. (Supreme Court, Appellate Division, Second Department. November 1, 1915.) In the matter of the judicial settlement of the account of proceedings of Frederick Ranscht, as guardian of William R. Bare, an infant. No opinion. Orders of the Surrogate's Court of Westchester County of April 27, 1915, severally affirmed, with $10 costs and disbursements.

RAPP, Respondent, v. RAPP, Appellant. (Supreme Court, Appellate Division, First Department. November 5, 1915.) Action by Harry Rapp against Tillie Rapp. J. Fischer, of New York City, for appellant. O. L. Hoffman, of New York City, for respondent. No opinion. Order affirmed, without costs. Order filed.

RED EAGLES, SUPREME COUNCIL, et al., Respondents, v. REGAN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 6, 1915.) Action by the Red Eagles, Supreme Council, and others, against Michael Regan and others. No opinion Judgment and order affirmed, with costs.

In re REDMOND. (Supreme Court, Appellate Division, Second Department. December 3, 1915.) In the matter of the application of James W. Redmond for a writ of mandamus against Michael J. Hogan and others, wherein Lucien S. Bayliss intervened. No opinion. Order affirmed, without costs.

REIDY, Respondent, v. INTERNATIONAL R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 6, 1915.) Action by Dennis J. Reidy against the International Railway Company. No opinion. Judgment and order affirmed, with costs.

REINHARDT, Respondent, v. BOTTENUS, Appellant. (Supreme Court, Appellate Divi-

sion, First Department. November 5, 1915.) Action by George N. Reinhardt against Edward Bottenus. W. S. Evans, of New York City, for appellant. G. H. Taylor, Jr., of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

REISERT, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. October 26, 1915.) Action by Frederick Reisert against the City of New York. No opinion. Judgment and order affirmed, with costs.

RENAUT, Respondent, v. CITY OF NEW YORK, Appellant, et al. (Supreme Court, Appellate Division, First Department. October 22, 1915.) Action by Amanda Renaut against the City of New York, impleaded with others. E. C. Kindleberger, of New York City, for appellant. H. Gottlieb, of New York City, for respondent. No opinion. Judgment affirmed, with costs. Order filed. See, also, 154 N. Y. Supp. 1142; 155 N. Y. Supp. 1136.

RENAUT v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. November 26, 1915.) Action by Amanda Renaut against the City of New York. No opinion. Motion denied, with $10 costs. Order filed. See, also, 155 N. Y. Supp. 1136.

RICE, Respondent, v. BARTLETT, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 13, 1915.) Action by Dollie Rice against Robert Bartlett. No opinion. Appeal dismissed, without costs, upon stipulation filed.

RIDGE, Respondent, v. ODENBACH CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 20, 1915.) Action by Clarence Ridge against the Odenbach Company.

PER CURIAM. Judgment of Monroe County Court and judgment of Rochester Municipal Court reversed, with costs in all courts to the appellant. Held, that the plaintiff failed to establish actionable negligence against the defendant.

ROBSON, J., dissents, and votes for affirmance.

In re RIES. (Supreme Court, Appellate Division, Second Department. October 15, 1915.) In the matter of the application of Charles Ries and Anna M. H. Hueg, as creditors of Catherine A. O. C. Rehfeldt.

PER CURIAM. The surrogate's right and duty to bring in an interested party who has not been named in the original citation is in furtherance of equity. Matter of Ibert, 48 App. Div. 510, 62 N. Y. Supp. 1051. No ground is disclosed to review or modify this exercise of the surrogate's powers. The petition was also in proper form. Where the applicants reside out of the county, and the matters are peculiarly within the attorney's knowledge, the attorney may properly verify such a petition. Moorehouse v. Hutchinson, 2 Demarest, 429. The surrogate's order permitting an amendment and the issue of a supplemental citation to bring in